## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Linden Kelly, on behalf of himself and others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br>      Defendant. | :<br>:<br>:<br>:<br>:  **Case No. _____**<br>:<br>:<br>:<br>:<br>: |

### DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

  Pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, Defendant Target Corporation ("Target") removes this putative class action from the Court of Common Pleas of Philadelphia County, Pennsylvania, Case ID 230201898, to the United States District Court for the Eastern District of Pennsylvania.

  Diversity jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d), because this case is plead as a class action as defined under CAFA, the CAFA diversity of citizenship requirements are fully met, and the amount in controversy in this matter exceeds the sum, or value, of $5,000,000, excluding interest and costs.

  In support of this Notice of Removal, Target states as follows:

### PROCEDURAL BACKGROUND

  1. On February 17, 2023, Plaintiff filed a Complaint - Class Action (the "Complaint") in the Court of Common Pleas of Philadelphia County, Pennsylvania, captioned *Linden Kelly, on behalf of himself and others similarly situated v. Target Corporation*, Case ID 230201898. Complaint, **Exhibit A**.

2. In his Complaint, Plaintiff alleges Target violated the Philadelphia Fair Workweek Employment Standards, Phila. Code §§ 9-4600, *et seq.*, by:

> failing to provide compliant written good faith estimates of employees work schedules; failing to pay required penalties and Predictability Pay and obtain written consent when Target changed employees' work schedules with less than 14-days' notice; changing employees' schedules at the last minute; and failing to offer new shifts to current employees before hiring new employees.

Complaint at p. 2, **Exhibit A**.

3. Plaintiff brings his claims as putative class actions, seeking to represent "all Target hourly employees who worked at a Philadelphia Store in Philadelphia during any week within the relevant time period." *Id.*, at ¶ 20.

4. Pursuant to 28 U.S.C. § 1332, Plaintiff could have originally filed this action against Target in this Court.

5. On March 28, 2023, Plaintiff's counsel served on Target a Notice of Praecipe to Enter Default Judgment; that notice does not include evidence process was ever served on Target. Notice of Praecipe to Enter Default Judgment**, Exhibit B**.

6. Following receipt of such Notice, undersigned counsel for Target Corporation contacted Plaintiff's counsel regarding proof of service. In response, Plaintiff's counsel provided undersigned counsel with a Sheriff's Return of Service dated March 7, 2023. Sheriff's Return of Service, **Exhibit C**. To date, Target Corporation, as well as its registered agent, have not received the documents allegedly served on March 7, 2023 and Plaintiff's did not file the proof of service until after filing the Notice of Praecipe to Enter Default Judgment. **Exhibit A.**

7. Pursuant to 28 U.S.C. § 1446(b), even if service of process was made on March 7, 2023, this Notice of Removal is timely because thirty (30) days have not elapsed since that date. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining 30-day removal period begins to run on the date of service of complaint).

8. Since Plaintiff filed his Complaint, no proceedings have been held in the Court of Common Pleas of Philadelphia County, Pennsylvania. In this case, to date, **Exhibit A** constitutes all of the process, pleadings, and orders filed in this action. *See* 28 U.S.C. § 1447(b).

## GROUNDS FOR REMOVAL

9. When a plaintiff files suit in state court, but could have invoked the original jurisdiction of the federal court, the defendant may remove the action to federal court. 28 U.S.C. § 1441(a). Section 1441(a) of Title 28 of the United States Code provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because Plaintiff brings this action as a putative class action (*see* Complaint, ¶ 13), removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper under 28 U.S.C. §§ 1441(d), 1446, and 1453 because (i) the amount in controversy exceeds, in the aggregate, $5 million, excluding interest and costs; (ii) the aggregate number of putative class members is 100 or greater; and (iii) diversity of citizenship exists between one or more plaintiffs and one or more defendants. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453.

10. Target is, and, at all relevant time, has been a Minnesota corporation and maintains its principal place of business at 1000 Nicollet Mall, Minneapolis, MN 55403.[1] Brewer Declaration at ¶ 3, **Exhibit D**.

---

[1] Plaintiff erroneously alleges Target Corporation "is a corporation headquartered in Atlanta, Georgia and registered to do business in the Commonwealth of Pennsylvania, Entity No. 808731." This misrepresentation is apparently the vestige of an essentially identical action Plaintiff's counsel filed against Home Depot, Inc., as evidenced by the Pennsylvania's Secretary of State's records citing The Home Depot, Inc.'s entity number as 808731. *See* https://file.dos.pa.gov/search/business (the Homer Depot, Inc.), last visited March 29, 2023.

11. Target denies Plaintiff's factual allegations, and denies Plaintiff, or the class he purports to represent, is entitled to the relief requested; however, based on Plaintiff's allegations in the Complaint and prayer for relief, all requirements for jurisdiction under CAFA have been met.[2] Accordingly, diversity of citizenship exists under CAFA and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

**The Putative Class Has More Than 100 Members**

12. Plaintiff asserts claims on behalf of a putative class comprised of "all Target hourly employees who worked at a Philadelphia Store in Philadelphia during any week within the relevant time period." Complaint at ¶ 20, **Exhibit A**.

13. Plaintiff alleges, "The class, upon information and belief, includes thousands of individuals, all of whom are readily ascertainable based on Target's business records and are so numerous that joinder of all class members is impracticable." *Id*., at ¶ 22.

14. Based on Plaintiff's class definition, and a review of Target's business records, the putative class includes 4,838 Team Members who are, or were, employed at Target's Philadelphia Stores in the last two years.[3] Brewer Declaration, **Exhibit D**, at ¶ 5. Consequently, this test under CAFA is met.

---

*See also Bermudez v. Home Depot, Inc.*, Case No. 2:22-cv-05180-WB, in the United States District Court for the Eastern District of Pennsylvania.

[2] Target does not concede, and reserves the right to contest at the appropriate time, Plaintiff's allegations this action can properly proceed as a class action. Target also does not concede any of Plaintiff's allegations constitute a cause of action against Target under applicable Pennsylvania law.

[3] The statute of limitations applicable to Plaintiff's claims is two years. *See* Phila. Code § 9-4611(9). Plaintiff filed his Complaint on February 17, 2023. Accordingly, the "relevant time period" for this case is, at best, February 17, 2021 to present. Additionally, for purposes of Target's removal, the data regarding putative class members is current through March 30, 2023.

### The Jurisdictional Amount in Controversy Requirement Is Met

15. CAFA provides for original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, excluding interest and costs." 28. U.S.C. § 1332(d)(2).

16. Under CAFA, the claims of individual, putative class members are aggregated to determine if the amount in controversy exceeds $5,000,000, excluding interest and costs. 28 U.S.C. § 1332(d)(6).

17. When, as here, a plaintiff does not expressly plead a specific amount of damages, a removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554 (2014); *see also Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (concluding when a plaintiff has not specifically averred in the complaint the amount in controversy is less than the jurisdictional minimum, the case is to be remanded only if "it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount"). Target's burden to establish the amount in controversy is by a preponderance of the evidence. *Dart Cherokee*, 135 S. Ct. 547 (2014). A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554. "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted). This statement is consistent with the Third Circuit historically applying a "liberal" standard when determining if the amount in controversy is satisfied for purposes of diversity jurisdiction. *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 (3d Cir. 2003).

18. Target denies Plaintiff's factual allegations and denies he, or the class he seeks to represent, are entitled to any relief. At all relevant time, Target properly complied with the Philadelphia Fair Workweek Employment Standards, §§ 9-4600, *et seq*. Plaintiff's allegations and prayer for relief, however, have "more likely than not" put into controversy an amount exceeding $5,000,000 when aggregating putative class members' class claims as set forth in 28 U.S.C. § 1332(d)(6).

19. In his Complaint, Plaintiff alleges Target violated the Philadelphia Fair Workweek Employment Standards, §§ 9-4600, et seq., by:

> failing to provide compliant written good faith estimates of employees work schedules; failing to pay required penalties and Predictability Pay and obtain written consent when Target changed employees' work schedules with less than 14-days' notice; changing employees' schedules at the last minute; and failing to offer new shifts to current employees before hiring new employees.

Complaint at p. 2, **Exhibit A.**

20. Among other things, Plaintiff, on behalf of himself, as well as the prospective class, seek unpaid compensation, $50 each pay period Target purportedly failed to provide written notice of available work hours, $50 each pay period Target allegedly failed to provide written notice of its policy for distributing work hours, in presumed damages, $1,000 each supposed failure to award available work hours, liquidated damages up to $2,000, and their reasonable attorney's fees and costs. *Id*., at ¶ 50.

21. Based on Plaintiff's class definition, and a review of Target's records, the putative class includes more than 4,838 members. Brewer Declaration, **Exhibit D**, at ¶ 5. Additionally, approximately 1,158 potential class members worked across all Philadelphia retail stores during each pay period. *Id.* at ¶ 6.

22. Plaintiff does not allege the amount "unpaid compensation" he seeks. Complaint at ¶50, **Exhibit A**. However, considering only Plaintiff's other alleged damages, the amount in controversy is greater than $5,000,000.

23. Plaintiff's First Cause of Action seeks damages for an alleged failure to provide a written good faith estimate, and seeks $200 per employee in presumed damages. Complaint at ¶ 33, **Exhibit A**. For purposes of removal only, Plaintiff's claims for presumed damages under his first cause of action have placed at least $967,600 in controversy: (4,838 potential class members X $200 presumed damages = $967,000). Brewer Declaration, **Exhibit D**, at ¶ 5.

24. Plaintiff's Second and Third Causes of Action seek damages for an alleged failure to provide advance notice of work schedules and failure to provide schedule change premiums, and seeks $200 in presumed damages. Complaint at ¶¶ 37, 42, **Exhibit A**. Specifically, Plaintiff seeks $175 per violation in presumed damages ($25 per failure to notify of schedules changes, $50 per failure to provide a written work schedule, and $100 per failure to obtain written consent from an employee for adding work hours), plus predictability pay. *Id.*

25. For purposes of removal only, Defendant assumes one failure to notify of schedule changes and one failure to provide a written work schedule for 10% of the potential class members each pay period. Defendant further assumes one failure to obtain written consent to add hours, per putative class member. Therefore, Plaintiff's claims for presumed damages under his second and third causes of action have placed at least $1,387,040 in controversy: ((10% X 1,158 employees per pay period X 104 pay periods X $75 presumed damages = $903,240) + (4,838 potential class members X $100 presumed damages = $483,800) = $1,387,040). Brewer Declaration, **Exhibit D**, at ¶ 6.

26.     Plaintiff's Fourth Cause of Action seeks damages for an alleged failure to offer newly available shifts to existing employees and seeks $1100 in presumed damages. Complaint at ¶¶ 37, 42, **Exhibit A**. Specifically, Plaintiff seeks $100 per potential class member each pay period in presumed damages ($50 per pay period where Defendant failed to notify employees of available work hours and $50 per pay period where Defendant failed to provide written notice of its policy for distributing work hours) and $1000 per violation for failure to award available work hours to current employees. *Id.*

27.     For purposes of removal only, Defendant assumes one failure to notify available work hours and one failure to provide hour distribution policy for 10% of potential class members working each pay period. Defendant further assumes one failure to award available work hours per putative class member. Therefore, Plaintiff's claims for presumed damages under his fourth cause of action have placed at least $21,719,200 in controversy: ((10% X 1,158 potential class members per pay period X 104 pay periods X $100 presumed damages = $1,204,320) + (4,838 putative class members X $1000 presumed damages = $9,676,000) = $21,719,200). Brewer Declaration, **Exhibit D**, at ¶¶ 5-6.

28.     Finally, Plaintiff seeks up to $2000 in liquidated damages per potential class member. If each putative class member were to be awarded the $2000 in liquidated damages alone, the amount in controversy would be $9,676,000 (4,838 potential class members X $2,000 liquidated damages = $9,676,000).

29.     Therefore, Defendant estimates Plaintiff has placed $18,072,960 in controversy ($967,600 for cause of action one + 1,387,040 for causes of action two and three + $9,676,000 for cause of action four + $9,676,000 in liquidated damages = $18,072,960).

8

30. Additionally, Plaintiff seeks recovery of attorneys' fees. Applying a conservative fee request of 25% of the requested relief, Plaintiff's estimated claim for attorneys' fees is $4,518,240 (25% x $18,072,960 = $4,518,240).[4] *See Wood v. Saroj & Manju Invs. Phila. LLC*, No. 19-2820-KSM, 2020 WL 7711409, at *2 (E.D. Pa. Dec. 28, 2020) (awarding class counsel fees in the amount of 33% of the maximum settlement payment); *Galt v. Eagleville Hosp.*, 310 F. Supp. 3d 483, 489 (E.D. Pa. 2018) (concluding class counsel entitled to approximately 35% of the total settlement); *Graudins v. Kop Kilt, LLC*, No. 14-2589, 2017 WL 736684, at *10 (E.D. Pa. Feb. 24, 2017) (approving attorneys' fees at **30%** of the settlement amount); *Altnor v. Preferred Freezer Servs., Inc.*, 197 F. Supp. 3d 746, 764–69 (E.D. Pa. 2016) (approving plaintiffs' fees at 33%); *Mabry v. Hildebrandt*, No. CV 14-5525, 2015 WL 5025810, at *4 (E.D. Pa. Aug. 24, 2015) (collecting cases and concluding "in this Circuit, the percentage of the recovery award in FLSA common fund cases ranges from roughly 20-45%.") (citations omitted); *Zellagui v. MCD Pizza, Inc.*, 59 F. Supp. 3d 712, 719 (E.D. Pa. 2014) (awarding class counsel **25%**).

31. Between the posited damages, as well as the attorneys' fees Plaintiff seeks, the amount in controversy is conservatively $22,591,200 ($18,072,960 + $4,518,240 = $22,591,200), which far exceeds the $5,000,000 CAFA threshold.[5]

---

[4] Even if Plaintiffs' fees were approved at 20%, they would total $3,614,592 (20% x $18,072,960 = $3,614,592).

[5] Even if Plaintiff were only to receive the maximum liquidated damages and attorneys' fees at only 20%, the amount in controversy would total $11,611,200 ($9,676,000 liquidated damages + $1,935,200 attorneys' fees = $11,611,200), which exceeds the CAFA threshold by more than $6,000,000.

9

**Diversity of Citizenship Exists**

32. At a minimum, one member of the putative class is a citizen of a different state than Target, and thus, there is minimal diversity of citizenship for purposes of removal under CAFA. 28 U.S.C. §1332(d).

33. For diversity purposes, a person is a "citizen" of the state in which he is domiciled when the Complaint is filed. *See Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828, 109 S. Ct. 2218, 104 L.Ed.2d 893 (1989); *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Plaintiff resides in, and is thus a citizen of, the State of Pennsylvania. Complaint, **Exhibit A**, ¶ 3.

34. Under 28 U.S.C. §1332(c)(1), a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) ("The citizenship of a corporation is both its state of incorporation and the state of its principal place of business."); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2009).

35. Target is, and, at all relevant times, has been, a Minnesota citizen because it is incorporated, and has its principal place of business there. Brewer Declaration, at ¶ 3, **Exhibit D**.

36. Accordingly, the minimal diversity needed for CAFA removal is present.

**ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

37. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the Eastern District of Pennsylvania is the federal judicial district where the Court of Common Pleas of Philadelphia County, Pennsylvania is located, and where Plaintiff originally filed this action. Additionally, Plaintiff alleges her claims arose in

Chambersburg, Pennsylvania, which is also located within the United States District Court for the Eastern District of Pennsylvania. *See generally* **Exhibit A**, Complaint.

38. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Court of Common Pleas of Philadelphia County, Pennsylvania, where the suit has been pending.

## CONCLUSION

39. This Court has jurisdiction over Plaintiff's claims by virtue of 28 U.S.C. §§ 1332(d), and this action is properly removable to federal court under 28 U.S.C. §§ 1441, 1446, and 1453.

40. If this Court questions the propriety of this Notice of Removal, Target asks this Court to issue an Order to Show Cause so Target may have an opportunity to more fully brief the basis for this removal.

WHEREFORE, pursuant to 28 U.S.C. § 1441(a), and in conformity with the requirements set forth in 28 U.S.C. § 1446, Target removes this action to the United States District Court for the Eastern District of Pennsylvania, and respectfully asks the Court of Common Pleas of Philadelphia County, Pennsylvania to proceed no further with respect to this case in accordance with 28 U.S.C. § 1446.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
*Attorneys for Defendant Target Corporation*

By:   s/ *Jacqueline R. Barrett*
1735 Market Street, Suite 3000
Philadelphia, Pennsylvania 19103
Phone:  215.995.2800
Fax:  215.99.2801

Date:   April 4, 2023