# EXHIBIT A

DocuSign Envelope ID: 11E73E65-B225-4FC8-BC85-6C5DF8234298

Ryan Allen Hancock (Pa Bar No. 92590)
WILLIG, WILLIAMS & DAVIDSON
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
(215) 656-3679
rhancock@wwdlaw.com



*Filed and Attested by the Office of Judicial Records 17 FEB 2023 03:40 pm C. PERRY*

*Additional Counsel Listed on Signature Page*

|  |  |
|---|---|
| LINDEN KELLY, on behalf of himself and others similarly situated, | : PHILADELPHIA COUNTY |
| | : COURT OF COMMON PLEAS |
| Plaintiff, | : |
| v. | : FEBRUARY TERM, 2023 |
| | : |
| TARGET CORPORATION, | : CLASS ACTION |
| | : |
| Defendant. | : JURY TRIAL DEMANDED |
| | : |

## COMPLAINT – CLASS ACTION
### 10- Contract: Other

| NOTICE | AVISO |
|---|---|
| **You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.** *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* **Philadelphia Bar Association Lawyer Referral and Information Service 1101 Market Street, 11th Floor Philadelphia, Pennsylvania 19107 (215) 238-1701** | **Le han demandado a usted en la corte. Si usted quier defenderse de estas demandas expuestas en las pagina siguientes, usted tiene veinte (20) dias de plazo al partir de l fecha de la demanda y la notificacion. Hace falta ascentar un comparencia escrita o en persona o con un abogado entregar a la corte en forma escrita sus defensas o su objeciones a las demandas en contra de su persona. Se avisado que si usted no se defiende, la corte tomara medida y puede continuar la demanda en contra suya sin previo avis o notificacion. Ademas, la corte puede decidir a favor de demandante y requiere que usted cumpla con todas la provisiones de esta demanda. Usted puede perder dinero sus propiedades u otros derechos importantes para usted.** *Lleve esta demanda a un abogado inmediatamente. Si no tien abogado o si no tiene el dinero suficiente de pagar tal servicio Vaya en persona o llame por telefono a la oficina cuy direccion se encuentra escrita abajo para averiguar donde s puede conseguir asistencia legal.* **Asociacion De Licenciados De Filadelfia Servicio De Referencia E Informacion Legal 1101 Market Street, 11th Floor Filadelfia, Pennsylvania 19107 (215) 238-1701** |

Case ID: 230201898

Linden Kelly ("Plaintiff") brings this class action lawsuit against Target Corporation ("Target"), seeking all available relief under the Philadelphia Fair Workweek Employment Standards ("Fair Workweek Law"), §§ 9-4600, *et seq.*  The Philadelphia City Council passed the Fair Workweek Law to require retail, hospitality and fast-food employers to provide their employees with predictable schedules with advance notice, sufficient time between shifts, and pathways to full-time employment.  Target violated the Fair Workweek Law by failing to provide compliant written good faith estimates of employees work schedules; failing to pay required penalties and Predictability Pay and obtain written consent when Target changed employees' work schedules with less than 14-days' notice; changing employees' schedules at the last minute; and failing to offer new shifts to current employees before hiring new employees.  *See* Phila. Fair Workweek L. §§ 9-4602-05, 9-4611.

There is growing recognition that unpredictable, unstable, and often insufficient work hours are a key problem facing many U.S. workers, particularly those in low-wage industries. Volatile hours not only mean volatile incomes but add to the strain working families face as they try to plan ahead for childcare or juggle schedules in order to take classes, hold down a second job, or pursue other career opportunities. *See* Economic Policy Institute, "'Fair workweek' laws help more than 1.8 million workers: Laws promote workplace flexibility and protect against unfair scheduling practices" (Jul. 19, 2018), *available at* https://files.epi.org/pdf/145586.pdf.

The Philadelphia City Council passed the Fair Workweek Law to require retail, hospitality, and fast-food employers to provide their employees with predictable schedules with advance notice, sufficient time between shifts, and pathways to full-time employment.

Employers were required to be compliant with the Fair Workweek Law by April 1, 2020.

Case ID: 230201898

## JURISDICTION AND VENUE

1.      This Court has personal jurisdiction over Target.

2.      Venue in this Court is proper under Pennsylvania Rules of Civil Procedure 1006 and 2179 because Target regularly conducts business in Philadelphia County.  *See Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 971 (Pa. Super. Ct. 2009).  This includes, *inter alia*, the continuous and regular sale of product and/or merchandise to customers located in Philadelphia County.

## PARTIES

3.      Plaintiff is an individual residing in Philadelphia, Pennsylvania.

4.      Target is a corporation headquartered in Atlanta, Georgia and registered to do business in the Commonwealth of Pennsylvania, Entity No. 808731.

## FACTS

5.      Target is a nationwide big box retailer.

6.      Upon information and belief, Target owns and operates approximately 10 retail locations in Philadelphia (the "Philadelphia Stores").

7.      Target stores are Retail Establishments as defined under the North American Industry Classification System ("NAICS") in that they are fixed point-of-sale locations for merchandise and other goods for sale.

8.      Based on information and belief, Target employs 500,000 or more employees and has 1,948 or more locations in the United States.

9.      Target is a covered employer within the meaning of the Fair Workweek Law.  Phila. Fair Workweek L. § 9-4601(4).

10.      Plaintiff was employed as an hourly employee at the Target store located at 1 Mifflin St, Philadelphia, PA 19148.

Case ID: 230201898

DocuSign Envelope ID: 11E73E65-B225-4FC8-BC35-6C5DE8234298

11.     Plaintiff worked at Target from approximately November 2015 through December 2022.

12.     Plaintiff is a covered employee within the meaning of the Fair Workweek Law. Phila. Fair Workweek L. § 9-4601(5).

13.     Plaintiff performed work involving the direct provision of retail services to the public through engaging in customer contact, among other tasks outlined in Section 2.3 of the Regulations Regarding Chapter 9-4600 of the Philadelphia Code: Fair Workweek Employment Standards.

14.     To the best of Plaintiff's recollection, Target did not provide Plaintiff or other covered Employees with a compliant written good faith estimate of the hours, dates, times, and locations of their expected regular schedule that did not in violation of Phila. Fair Workweek L. § 9-4602(1).

15.     Target changed Plaintiff's schedule with less than 14-days' written notice of his work schedule without obtaining written consent and without paying Predictability Pay, in violation of Phila. Fair Workweek L. §§ 9-4602(3) & (4).

16.     During Plaintiff's employment, Target regularly changed Plaintiff's schedule by more than 20 minutes by requiring him to work past his scheduled hours and failed to pay him Predictability Pay in violation of Phila. Fair Workweek L. § 9-4603.

17.     When Plaintiff worked additional hours that were not on his schedule, Target failed to obtain written consent.

18.     On occasion, Target reduced Plaintiff's schedule by more than 20 minutes and sent him home early without providing Predictability Pay. Upon information and belief, Target regularly reduced the hours of employees by more than 20 minutes and failed to pay any

4

Case ID: 230201898

DocuSign Envelope ID: 11E73F65-B225-4FC8-BC35-6C5DF8234298

Predictability Pay in violation of Phila. Fair Workweek L. § 9-4603.

19.     Target also failed to provide Plaintiff and all covered Employees with written notification of the details of available shifts, including whether the shifts are recurring, how to express interest in picking them up, and its policy for offering and distributing work shifts under the Fair Workweek Law, before hiring new employees in violation of Phila. Fair Workweek L. § 9-4605.

## CLASS ALLEGATIONS

20.     Plaintiff brings this lawsuit as a class action.  He sues on behalf of all Target hourly employees who worked at a Philadelphia Stores in Philadelphia during any week within the relevant time period.

21.     This action may be properly maintained as a class action pursuant to Pennsylvania Rules of Civil Procedure 1702, 1708, and 1709.  Class action treatment of Plaintiff's Fair Workweek claims is appropriate because, as alleged below, all of the Pennsylvania class action requisites are satisfied.

22.     The class, upon information and belief, includes thousands of individuals, all of whom are readily ascertainable based on Target's business records and are so numerous that joinder of all class members is impracticable.

23.     Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

24.     Plaintiff and his lawyers will fairly and adequately represent the class members and their interests because, *inter alia*, (a) Plaintiff is represented by experienced class action counsel who are well-prepared to vigorously and competently litigate this action on behalf of the class; (b)

Case ID: 230201898

Plaintiff and his counsel are free of any conflicts of interest that prevent them from pursuing this action on behalf of the class; and (c) Plaintiff and his counsel have adequate financial resources to assure that the interests of the class will not be harmed.

25.    Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Target's common timekeeping, payroll, scheduling, and compensation policies, as described herein.  The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

26.    A class action provides a fair and efficient method for adjudication of the controversy because, *inter alia*, the previously mentioned common questions of law and fact predominate over any questions affecting Plaintiff or any individual class member; the monetary damages sought are readily calculatable and attributable to class members; maintenance of the instant litigation protects against the risk of inconsistent or varying adjudications that might result if individual class members were to commence independent actions in various courthouses throughout the Commonwealth.

27.    Because this case concerns Philadelphia law, and because Target conducts a substantial amount of business in Philadelphia County, including at the Philadelphia Stores that are the subject of the instant action, this Court is an appropriate forum for the litigation of the claims of the entire class.

28.    The complexities of the issues and the expense of litigating separate claims of individual class members weigh in favor of class certification.  For example, in the instant action, Plaintiff will seek and present evidence concerning Defendant's common timekeeping, scheduling, compensation, and payroll practices. The gathering and presentation of such evidence in multiple proceedings would be inefficient, redundant, and unjustifiably expensive.  The class action device,

Case ID: 230201898

when compared to multiple proceedings, presents far fewer management difficulties, and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum promotes judicial economy and efficiency and promotes parity among the claims of individual class members as well as judicial consistency. Thus, the conduct of this action as a class action conserves the resources of the parties and the court system, protects the rights of each class member, and meets all due process requirements as to fairness to Target.

### FIRST CAUSE OF ACTION
**Fair Workweek Law**
**Failure to Provide Written Good Faith Estimates**
**(Brought on behalf of Plaintiff and the Class)**

29.     Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

30.     Target is required to provide each new employee (or existing employees who were current employees as of the effective date of the Fair Workweek Law) with a written good faith estimate of their schedule that aligns with their actual schedule no later than when a new employee receives his, her or their first work schedule.  Phila. Fair Workweek L. § 9-4602(1); Phila. Fair Workweek Reg. 3.3.

31.     Target is also required to maintain records of the good faith estimates it provides to employees.  Phila. Fair Workweek L. § 9-4602(1); Phila. Fair Workweek Reg. 3.0.  Where an employer fails to maintain, retain, or produce a required record, "it shall be presumed that the employer has violated the Chapter, absent clear and convincing evidence otherwise."  Phila. Fair Workweek L. § 9-4609(1).

32.     Target committed a unique violation of Section 9-4602(1) of the Fair Workweek Law each time it failed to provide a written good faith estimate to any employees hired to work in

Case ID: 230201898

any Philadelphia store and anytime the good faith estimate did not align with the employee's actual work schedule.

33.     As a result of Target's violations of Section 9-4602(1) of the Fair Workweek Law, Plaintiff and the Class have been deprived of a predictable schedule and are entitled to: (1) an order directing compliance; (2) unpaid compensation; (3) $200 in presumed damages; (4) liquidated damages up to $2,000; and (5) reasonable attorney's fees and costs. Phila. Fair Workweek L. § 9-4611(7)(c) & (d); Phila. Fair Workweek Reg. 10.0.

**SECOND CAUSE OF ACTION**
**Fair Workweek Law**
**Failure to Provide Advance Notice of Work Schedules**
**(Brought on behalf of Plaintiff and the Fair Workweek Class)**

34.     Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

35.     Target was required to pay Predictability Pay for schedule changes and obtain written consent for any additional hours or shifts that occurred with less than 14 days' notice. Phila. Fair Workweek L. §§ 9-4602-03.

36.     Target is also required to maintain records of the work schedules and good faith estimates it provides to employees.  Phila. Fair Workweek L. § 9-4602(1); Phila. Fair Workweek Reg. 3.0.  Where an employer fails to maintain, retain, or produce a required record, "it shall be presumed that the employer has violated the Chapter, absent clear and convincing evidence otherwise."  Phila. Fair Workweek L. § 9-4609(1).

37.     As a result of Target's violations of Section 9-4602 of the Fair Workweek Law, Plaintiff and the Class have been deprived of a predictable schedule and are entitled to: (1) an order directing compliance; (2) unpaid compensation; (3) unpaid Predictability Pay; (4) $50 each time Target failed to provide a written Work Schedule; (5) $25 each time Target failed to promptly

8

Case ID: 230201898

notify employees about a schedule change, and $100 each time Target failed to get written consent from an employee for added work hours, in presumed damages; (6) liquidated damages up to $2,000; and (7) reasonable attorney's fees and costs. Phila. Fair Workweek L. § 9-4611(7)(c)&(d); Phila. Fair Workweek Reg. 10.0.

### THIRD CAUSE OF ACTION
**Fair Workweek Law**
**Failure to Provide Schedule Change Premiums**
**(Brought on behalf of Plaintiff and the Fair Workweek Class)**

38.     Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

39.     Target is required to provide employees with Predictability Pay for changes of more than 20 minutes that it makes to employees' work schedules any time after the 10 or 14-day statutory schedule provision date. Phila. Fair Workweek L. § 9-4603.

40.     Target is also required to maintain records of all employer-initiated changes to the posted work schedules and the good faith estimates it provides to employees. Phila. Fair Workweek L. § 9-4602(1); Phila. Fair Workweek Reg. 3.0. Where an employer fails to maintain, retain, or produce a required record, "it shall be presumed that the employer has violated the Chapter, absent clear and convincing evidence otherwise." Phila. Fair Workweek L. § 9-4609(1).

41.     Target committed a unique violation of Section 9-4603 of the Fair Workweek Law each time it failed to pay the required Predictability Pay to employees whose work schedules it changed with less than 14 days' notice.

42.     As a result of Target's violations of Section 9-4603 of the Fair Workweek Law, Plaintiff and the Class have been deprived of a predictable schedule and are entitled to: (1) an order directing compliance; (2) unpaid compensation; (3) unpaid Predictability Pay; (4) $25 each time Target failed to promptly notify employees about a schedule change and $100 each time Target

Case ID: 230201898

DocuSign Envelope ID: 11E73E65-B23F-4EC8-BC3F-6C5DF8234200

failed to get written consent from an employee for added work hours, in presumed damages; (5)

liquidated damages up to $2,000; and (6) reasonable attorney's fees and costs.  Phila. Fair

Workweek L. § 9-4611(7)(c)&(d); Phila. Fair Workweek Reg. 10.0.

### FOURTH CAUSE OF ACTION
**Fair Workweek Law**
**Failure to Offer Newly Available Shifts to Existing Employees**
**(Brought on behalf of Plaintiff and the Fair Workweek Class)**

43.     Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference

all allegations in all preceding paragraphs.

44.     Target is required to notify its current employees about newly available shifts and

offer them those shifts before hiring any new employees.  Phila. Fair Workweek L. § 9-4605.

45.     Target is also required to notify employees in writing of its policy for offering and

distributing work shifts under the Fair Workweek Law, at the time of hire and within 24 hours of

any change in the policy, and must post the notice in an accessible location in the workplace.

46.     Target is also required to maintain records of the notices and policy it provides to

employees.  Phila. Fair Workweek L. § 9-4609(1).  Where an employer fails to maintain, retain,

or produce a required record, "it shall be presumed that the employer has violated the Chapter,

absent clear and convincing evidence otherwise." *Id.*

47.     Target committed a unique violation of Section 9-4605 of the Fair Workweek Law

each time it failed to provide written notice of available work hours as required by section 9-

4605(2)

48.     Target committed a unique violation of Section 9-4605 of the Fair Workweek Law

each time it failed to provide written notice of its policy for distributing work hours as required by

section 9-4605(6).

10

Case ID: 230201898

DocuSign Envelope ID: 11E73E65-B22E-4EC8-BC3E-6C5DF8234200

49.     Target committed a unique violation of Section 9-4605 of the Fair Workweek Law each time it failed to award available work hours as required by section 9-4605(4).

50.     As a result of Target's violations of Section 9-4605 of the Fair Workweek Law, Plaintiff and the Class have been deprived of pathways to full time employment and are entitled to: (1) an order directing compliance; (2) unpaid compensation; (3) $50 each pay period that Target failed to provide written notice of available work hours; (4) $50 each pay period that Target failed to provide written notice of its policy for distributing work hours, in presumed damages; (5) $1,000 per violation for failure to award available work hours pursuant to Section 9-4605; (6) liquidated damages up to $2,000; and (7) reasonable attorney's fees and costs.  Phila. Fair Workweek L. § 9-4611(7)(c)&(d); Phila. Fair Workweek Reg. 10.0.

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, seeks the following relief: (i) unpaid wages; (ii) unpaid Predictability Pay; (iii) presumed damages; (iv) liquidated damages; (v) prejudgment interest; (vi) litigation costs, expenses, and attorney's fees; and (vii) any other and further relief this Court deems just and proper.

Date:  February 16, 2023

Respectfully submitted,

*Ryan Allen Hancock, Esq.*
— B0F3CBE613E0417...
_____
Ryan Allen Hancock
(PA Bar No. 92590)
WILLIG, WILLIAMS & DAVIDSON
1845 Walnut Street, 24th Floor
Philadelphia, PA  19103
Tel.: (215) 656-3600
Fax: (215) 567-2310
rhancock@wwdlaw.com

Case ID: 230201898

Sarah R. Schalman-Bergen
(Pa Bar No. 206211)
Krysten Connon
(Pa Bar No. 314190)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(267) 256-9973
ssb@llrlaw.com
kconnon@llrlaw.com

Sally J. Abrahamson
(*pro hac vice* motion forthcoming)
WERMAN SALAS P.C.
705 8th St SE #100
Washington DC 20003
(202) 830-2016
sabrahamson@flsalaw.com

Case ID: 230201898

## <u>VERIFICATION</u>

I, Linden Kelly, hereby state:

1.      I am a plaintiff in this action;

2.      I verify that the statements made in the accompanying complaint are true and

correct to the best of my knowledge, information and belief; and

3.      I understand that the statements in the complaint are subject to the penalties of 18

Pa. C.S. § 4904 relating to unsworn falsifications to authorities.

2/17/2023 | 3:06 PM EST

DocuSigned by:

*Linden Kelly*

651A62A5614043E...

Dated: _____     _____

Linden Kelly

13

# EXHIBIT B

**Ryan Allen Hancock**
Phone: (215) 656-3679
Fax: (215) 656-3679
rhancock@wwdlaw.com



March 28, 2023

**Via U.S. Mail and Email**
Matt Zabel, General Counsel
Greg Petouvis, Assistant General Counsel
1000 Nicollet Mall TPS-3165
Minneapolis, MN 55403
greg.petouvis@target.com
matt.zabel@target.com

      **Re:**   *Linden Kelley v. Target Corporation, Case No. 230201898*

Dear Mr. Petouvis and Mr. Zabel:

      Please find attached a copy of the Notice, Rule 237.5 – Notice of Praecipe to Enter Judgment by Default which was served upon Target Corporation c/o CT Corporation today through U.S. Mail.

      Sincerely,

Ryan Allen Hancock

Enclosure

cc:  Sally J. Abrahamson, Esq.
      Sarah Schalman-Bergen, Esq.

---

**wwdlaw.com**      1845 Walnut Street, 24th Floor, Philadelphia, PA  19103

Philadelphia   |   Harrisburg   |   Jenkintown   |   South Jersey   |   Chicago



OFFICE OF JUDICIAL RECORDS
COURT OF COMMON PLEAS
ROOM 284, CITY HALL PHILADELPHIA, PA 19107

ERIC FEDER
DIRECTOR, OFFICE OF JUDICIAL RECORDS

Linden Kelly et al.
_____
                        *Plaintiff*

                vs.

Target Corporation
_____
                        *Defendant*

:
:
:
:
:
:
:
:
:
:

COURT OF COMMON PLEAS
(Philadelphia County)

February _____ Term, 20 23

No. 230201898

To: Target Corporation c/o CT Corporation
    _____ *(Defendant)*
    (NOTE: Serve on unrepresented defendant or on defendant's attorney)

Date of Notice: March 28, 2023
_____

### Notice, Rule 237.5
### Notice of Praecipe to Enter Judgment by Default

**IMPORTANT NOTICE**

    You are in default because you have failed to enter a written appearance personally or by attorney and file in writing with the Court your defenses or objections to the claims set forth against you. Unless you act within ten days from the date of this notice, a judgment may be entered against you without a hearing and you may lose your property or other important rights.

    You should take this paper to your lawyer at once. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer.

    If you cannot afford to hire a lawyer, this office may be able to provide you with information about agencies that may offer legal services to eligible persons at a reduced fee or no fee.

Philadelphia Bar Association
Lawyer Referral and Information Service
1101 Market Street, 11th Floor Philadelphia, Pennsylvania 19107
(215) 238-6333

**NOTIFICACION IMPORTANTE**

Usted está en defecto porque usted no ha podido entrar en un aspecto escrito, personalmente o mediante abogado y archivo por escrito ante el Tribunal sus defensas u objeciones a las alegaciones expuestas en su contra. A menos que usted actúa dentro de los diez días siguientes a la fecha de esta notificación, la resolución podrá ser en su contra sin una audiencia y usted puede perder su propiedad u otros derechos importantes.

    Usted debe tomar este trabajo con su abogado a la vez. Si usted no tiene un abogado, vaya a o llamar por teléfono a la oficina se establece a continuación. Esta oficina puede proporcionarle información sobre la contratación de un abogado.

    Si usted no puede permitirse el lujo de contratar a un abogado, esta oficina puede ser capaz de proporcionarle información acerca de las agencias que pueden ofrecer servicios legales a personas con derecho a una tarifa reducida o ninguna cuota.

Asociacion de Licenciados de Filadelfia
Servicio de Referencia e Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107
(215)238-6333

### If you have any questions concerning this notice, please call:

Ryan Allen Hancock
_____
*(Name of Attorney or Plaintiff)*

Willig, Williams & Davidson, 1845 Walnut, St. 24th Floor, Philadelphia, PA 19103
_____
*(Attorney's or Plaintiff's Address)*

at this telephone number: (215) 656-3679
_____

EXHIBIT C

# SHERIFF'S OFFICE OF DAUPHIN COUNTY



**Nicholas Chimienti, Jr.**
*Sheriff*

**Jack Duignan**
*Chief Deputy*

**David B. Dowling**
*Solicitor*

**David E. Olweiler**
*Asst. Chief / Real Estate Deputy*

| LINDEN KELLY | Case Number |
|---|---|
| vs. | 2023-T-0468 |
| TARGET CORPORATION | |

## SHERIFF'S RETURN OF SERVICE

02/28/2023   CASE # 230201898

02/28/2023   Advance Fee

03/07/2023   01:55 PM - DEPUTY RAYMOND L. STOLTZFUS, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED TO STEFONI MURPHY, INTAKE SPECIALIST, WHO ACCEPTED AS ADULT IN CHARGE AT THE TIME OF SERVICE TO WIT, TARGET CORPORATION AT C/O CT CORP, 600 N 2ND STREET, SUITE 401, HARRISBURG, PA 17101.

RAYMOND L. STOLTZFUS, DEPUTY

SHERIFF COST: $41.25

SO ANSWERS,

March 08, 2023

NICHOLAS CHIMIENTI, JR., SHERIFF

### COSTS

| DATE | CATEGORY | MEMO | CHK # | DEBIT | CREDIT |
|---|---|---|---|---|---|
| 02/28/2023 | Advance Fee | Advance Fee | 166246 | $0.00 | $41.25 |
| 03/08/2023 | County Fee | | | $41.25 | $0.00 |
| | | | | $41.25 | $41.25 |
| | | | BALANCE: | $0.00 | |

### NOTARY

Affirmed and subscribed to before me this

____8TH____ day of ____MARCH____, __2023__

Commonwealth of Pennsylvania — Notary Seal
Megan Tritt, Notary Public
Dauphin County
My Commission Expires September 29, 2025
Commission Number 1407107

(c) CountySuite Sheriff, Teleosoft, Inc.

# SHERIFF'S OFFICE OF DAUPHIN COUNTY

**Nicholas Chimienti, Jr.**
*Sheriff*



**Jack Duignan**
*Chief Deputy*

**David B. Dowling**
*Solicitor*

**David E. Olweiler**
*Asst. Chief / Real Estate Deputy*

---

LINDEN KELLY
vs.
TARGET CORPORATION

**Case Number**
2023-T-0468



## DEPOSIT RECEIPT

---

Printed:  2/28/2023  8:51:23AM

**Receipt No:**    42499

---

**Date:**    02/28/2023
**Type:**    Civil Action
**Paid By:**    WILLIG, WILLIAMS & DAVIDSON

| Check No: | Check Date: | Description: | Deposit Amount: |
|-----------|-------------|--------------|-----------------|
| 166246 | 02/22/2023 | Advance Fee | $41.25 |

**Mail To:**    WILLIG, WILLIAMS & DAVIDSON
1845 WALNUT STREET
24TH FLOOR
PHILADELPHIA, PA 19103

**Origin:**  Foreign County    Philadelphia

**Received by:**  MT



**_Via Certified Mail_**
**To:** Dauphin County Sheriff's Office, ATTN: Civil Process
      101 Market Street, Room 104
      Harrisburg, PA   17101
**From:** Ryan Allen Hancock, Esquire
**Re:** Civil Process Service
**Date:** February 22, 2023

To Whom it May Concern-

    Please find enclosed two copies of the complaint from _Kelly, et al. v. Target Corporation_,
Case ID No. 230201898, filed in the Philadelphia County Court of Common Pleas, for deputized
service to the following Registered Agent of Target Corporation in Dauphin County:

    CT Corporation System
    600 North 2nd Street
    Suite 401
    Harrisburg, PA   17101

A check for $41.25 and an addressed return envelope for Sheriff's Return of Service with
prepaid postage also enclosed herein.

    Thank you for your attention. If you have any questions or concerns, please feel free to
contact me at (215) 656-3679, or my Paralegal, Brian, at (215) 656-3617.

                    Very truly yours,

                    WILLIG, WILLIAMS & DAVIDSON

Dated: February 22, 2023

                    Ryan Allen Hancock, Esquire
                    1845 Walnut Street, 24th Floor
                    Philadelphia, PA 19103
                    (215) 656-3679
                    rhancock@wwdlaw.com

Enclosures – Payment, two copies of the complaint from _Kelly, et al. v. Target Corporation_
(Case No. 230201898), and return envelope

---

**wwdlaw.com**                    1845 Walnut Street, 24th Floor, Philadelphia, PA  19103

Philadelphia   |   Harrisburg   |   Haddonfield   |   Jenkintown   |   Chicago   |   Florida

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| Linden Kelly, on behalf of himself and other individuals others similarly situated, | ) ) ) |  |
|  Plaintiff, | ) ) | Case No. _____ |
|   v. | ) ) |  |
| TARGET CORPORATION, | ) ) |  |
|  Defendant. | ) ) ) ) |  |

**DECLARATION OF MICHAEL BREWER IN SUPPORT OF REMOVAL OF CIVIL**
**ACTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN**
**DISTRICT OF PENNSYLVANIA**

I, Michael Brewer, declare and state as follows:

1.      I am employed by Target Corporation ("Target"), the named defendant in the above captioned case, as Director Employee Relations.  In my role, I am familiar with Target's records and personnel management practices.

2.      This declaration is based on my personal knowledge, and if called upon as a witness, I could, and would competently testify to the facts herein.  To the extent this declaration is based on business records, those records are created, and maintained, in the ordinary and regular course of business, and entries are made on those records in a timely manner by people with knowledge of the information being entered.

3.      Target is incorporated in Minnesota and maintains its corporate headquarters at 1000 Nicollet Mall, Minneapolis, MN 55403.

4.      I am familiar with, and have access to, electronic records reflecting the employment status and history, as well as pay rate information, for Target's employees.

5.      Based on my review of electronic business records about Target's employees, which are maintained in the ordinary and regular court of Target's business, I determined, as of March 31, 2023, there were 4,838 hourly workers employed at Target's Philadelphia Retail Locations (*i.e.*, "retail stores") since February 17, 2021.

6.      Additionally, my review the employees working from March 1, 2023 through March 7, 2023, revealed that 1,158 unique employees worked during the specific time period.

I declare, under penalty of perjury, that the foregoing is true and correct.  Executed on April 4, 2023.

Michael Brewer

55307106.v1-OGLETREE
55307106.v1-OGLETREE

55307106.v1-OGLETREE